originally named as Keith Smith, oral argument not to exceed 15 minutes per side. Mr. Hardwick for the petitioner appellate. Morning. Morning. May it please the court that the petitioner, Mr. Hardwick, has been found guilty This case is the mirror image of what a merits habeas petition, merits habeas appeal would be. Normally on the merits and habeas, if there's a muddle, if things are unclear, the petitioner pretty much automatically loses because the petitioner has to show things are clear. But it's almost exactly the opposite when it comes to the question of procedural default. Was the procedural default in the case regularly applied or was it not? And here it pretty clearly was not regularly applied. Shortly after the State Court of Appeals issued its decision in this case, which held that the trial court lacked jurisdiction to even entertain a plea withdrawal motion, the Ohio Supreme Court issued State v. Davis, which said a whole bunch of these lower courts are misunderstanding what we're doing. They're all in chaos. They disagree with each other. Now let's try to set the record straight. Here's what we meant. Here's what we said all along. I guess it's important to understand what exactly the procedural bar that the Ninth District applied in this case is. It's an oddball procedural bar. If this court is confused, it's because it really makes no sense. What they said is that once a judgment is affirmed on appeal, for any reason whatsoever, let's say he raised a sentencing issue, that that's somehow a general stamp of approval on every single aspect of the trial court judgment, and therefore the trial court lacks jurisdiction to entertain anything that might call that judgment into question again. As far as I can tell, that's been a unique Ohio interpretation, and even then it's not been regularly applied. It is not, as the district court held, a race judicata bar. It is not a discretionary bar. It is a bar of subject matter jurisdiction. There's also a second theory that's floating around. This is a confusing bar because it's based on a misinterpretation. Sometimes courts will say that once a judgment is affirmed, somehow the judgment never goes back to the lower court, and the court of appeals gets to keep jurisdiction forever and ever, and if you ever want to do anything in the trial court again, you need to go back to the court of appeals first, which is, again, a bizarre Ohio judgment. Just to move this along, do you want to tell us why there was not a procedural default here? I'm sorry. The issues that are before the court now, the two remaining grounds for relief, were raised in a plea withdrawal motion filed subsequent to his initial conviction and subsequent to his initial direct appeal. The whole case was over at that point, except on appeal, right? Except on appeal, correct, and then he lost the appeal and he filed the plea withdrawal motion. What's the certificate of appealability? It's on whether the district court was correct in applying the procedural default to this case, saying that his claims were procedurally defaulted. That's all we're hearing on this case. The relief I'm asking for is just to send it back to the district court for a decision on the merits, not asking this court to actually grant him relief on his plea withdrawal motion. Would you revisit with me what you said about the characterization of this rule? You said it was not akin to race judicata. Correct. What would you analogize it? The hard part is, nothing I learned in law school prepared me to understand special prosecutors and how it's applied. It is sui generis to Ohio, as far as I can tell. When the court of appeals affirms a judgment on appeal, the trial court loses jurisdiction forever. I understand that. I'm just trying to get in my mind how you would characterize it. I'm trying to think if I can say anything more clear than that. As I said before, part of the reason why I think this court is confused is this court is looking for some sort of logic and reason behind this procedural default. We're not confused. We're just trying to understand your position. I'm sorry, Your Honor. The position is the state ninth district said that the trial court lacked jurisdiction, and that was the procedural bar they applied. Everyone here agrees that was a procedural bar. That's true in the federal courts, too, isn't it? Once a person's pleaded guilty or has gone through the guilt phase and been sentenced, after a period of time, they can't withdraw his plea except on habeas corpus or something like that, right? In Ohio State v. Bush, the Ohio Supreme Court expressly said there is no time limitation on a plea withdrawal motion, period. That was then authored by Justice Cook at the time. So there is no deadline in Ohio law for a plea withdrawal motion. One of the cases involved a plea withdrawal motion ten years after the fact. My argument here is that, yes, the ninth district said that the trial court lacked jurisdiction to do this, but that was not a uniformly applied procedural bar. I cited numerous cases from courts of appeals in Ohio where they didn't apply that bar, where they just decided on the merits. In one case, the second district even said, we're not even going to apply res judicata to a plea withdrawal motion. The Ohio Supreme Court in State v. Davis said lower courts are divided on this. If courts are divided on it, it can't be regularly applied, almost by definition. If they're issuing decisions all across the board, that's not a regularly applied bar. The Ohio Supreme Court dismissed the appeal here, right? They declined to hear it. In the case of State v. Andre Davis, a different Davis case, that court made clear that when it declines to hear a case, it's not deciding the merits. It's not giving any opinion whatsoever on the merits. So it's equivalent to the U.S. Supreme Court denying cert. We might want to read tea leaves into that if we want to, but that's all we're doing, we're reading tea leaves. There's no precedential effect whatsoever on the case. Again, that's State v. Andre Davis that held that that involved applications to reopen. Well, if you get a remand here, what do you do at the district court level? The district court then would review his two claims on the merits de novo, and was his plea not knowing, intelligent, and voluntary for two reasons. One, because he didn't commit the specification, and second, because his attorney gave him bad advice in accepting the plea. Is that an ineffective assistance of counsel claim? Is that what it's based on? Well, one of them is a straight knowing, intelligent, and voluntary claim, and the other one is ineffective assistance of trial counsel. So there are two claims. Well, that's not really before us, is it? No, that's what the district court would consider if this court rules for me. If this court rules for Mr. Phillips, it would go back to the district court for ruling on the merits of those questions. Well, the certificate of appealability that's in effect for this appeal, doesn't that pertain only to the withdrawal of the guilty plea? Right, and the ineffective assistance of counsel goes to the guilty. That's part of the guilty plea withdrawal. That was one of his reasons for seeking withdrawal, the guilty plea. And you barred from that under the Ohio State procedure because you have to raise that issue before conviction, unless there's a manifest injustice or something of that nature, right? No, because State v. Bush said you can raise a plea withdrawal motion any time. There are two ways you can raise a plea withdrawal motion. It's pre-sentence or post-sentence, and you can raise it post-sentence. You just have to show manifest injustice. That's part of the standard. Yeah, but you can't show that here. Well, if we got to the merits, if one of his claims is he's objectively not guilty of what he's convicted of, that sounds like a manifest injustice. Well, no. I mean, this might be a little circular, but he pled guilty. So he wasn't contesting his guilt. And so he can't claim manifest injustice. And under the State procedure, the withdrawal of the guilty plea then would have had to have been raised before conviction, and your client didn't do that. So that would tend to suggest that your client is just not eligible for habeas relief, and that's the end of the case. Well, if we got to the merits, that would be an argument I'd have with the warden down in the district court. But first of all, he tendered it guilty. But what's the basis for getting to the merits? I haven't heard any basis for getting to the merits. Cause and prejudice doesn't apply here. There's no way you can get to the merits. Your Excellency, Your Honor, you don't even get to cause and prejudice if there is no regularly applied procedural bar. And if the state court had said there's no manifest injustice, so you are untimely, we'd have a different question. The state court had said this was res judicata. You could have raised it on direct appeal. There would be a different argument. What we look here is, was the procedural bar imposed by the state court regularly applied? It does not look, well, coulda, woulda, shoulda. Could they have applied a different bar? Well, then we'd have a different argument here, and I'd ask this court to allow me to brief other potential procedural bars, because that wasn't what was at issue in this case. The procedural bar in this case was denied entirely on the argument that once the court of appeals affirms, trial court loses jurisdiction. None of this other stuff was there, and it's completely irrelevant to this case. As I said, in other cases, the Supreme Court has said you can just, it's perfectly fine to raise these things, raise issues post and plea withdrawal motions after the fact. State versus Bush considered someone who didn't know whether, about his eligibility for judicial release. That's something that was clearly on the record. Secondly, one of his claims here is that his trial counsel, his trial attorney, gave him bad advice in the plea process. That's one of his claims in this case. Now, I think it's utterly absurd to say that he should have raised that pre-conviction. Well, that lawyer was still his lawyer. That's without to say, you have to raise ineffective assistance of counsel. Well, that person is still your lawyer, and I don't even know how you do that. In most of the cases, you're not even allowed to file stuff pro se when you have a lawyer. And I guess I just want to stress, this is, we are not here to review what the state court could have done. We're here to review what the procedural bar the state court applied. That apply with special prosecutors, and special prosecutors was not a regularly applied procedural bar. That should be the end of the discussion.  All right. Thank you. Good morning. You may proceed. May it please the court, your honors, Mr. Hardwick, good morning. Assistant Attorney General Mark Davis on behalf of the warden of the Grafton Correctional Institution. As Magistrate Knapp noted in this case, the things that we say often have consequences. And that's especially true for criminal defendants pleading guilty. Now the issue presented is whether Phillips' voluntariness claims raised in his plea withdrawal motion based on the ineffective assistance of counsel have been procedurally defaulted. And they have clearly been defaulted for three reasons. One, Phillips' claim is barred by the state procedural rule established in special prosecutors. Two, the petitioners failed to bring forth substantial evidence that special prosecutors is not firmly established or regularly applied. And three, alternatively, even if Phillips' claims were not barred under Maupin, they're barred by res judicata because the petitioner failed to bring these claims at the first available opportunity as this court required in Rust v. Zint. Now this court requires a four-part analysis whenever examining a procedural default. First, is there a state procedural rule with which the petitioner failed to comply? The petitioner, Phillips, failed to comply with the rule in special prosecutors which says that the filing of a notice of appeal divests the trial court of jurisdiction to hear any issue that is inconsistent with the appellate court's jurisdiction to review, affirm, modify, or reverse the appeal judgment. As Judge Seiler noted, this is not an unusual principle. It applies in federal courts. In our brief, we noted in gist that the U.S. Supreme Court found the same thing to be true. Now special prosecutors applies to all matters within the compass of the judgment. Within the compass of the judgment. The Ninth District reviewed the plea when Phillips challenged the sufficiency of the evidence. That was the only thing for them to review. They found that the plea was voluntary and intelligent. And based on that, the trial court was without jurisdiction to reach a decision that was inconsistent with what the Ninth District had already done when they reviewed the plea. The plea was actually, when they did the review, they examined the plea, they examined the colloquy, they looked at the written plea of guilty, they looked at the fact that this was a joint recommendation. Here, the plea was clearly voluntary and intelligent. Now, going to the second prong, the Ninth District clearly enforced that procedural sanction. I think everyone agrees with that. The petitioner noted it in the objections on page 5. The magistrate noted it in the report and recommendation on page 11. The district judge noted the same thing on page 4. So there's really no dispute that the last reasoned decision of the state court made a plain statement of the procedural default based on jurisdictional grounds. Waiver is an adequate and independent ground that precludes federal review, going to the third prong of the Moppin Test. With regard to actual innocence, excuse me, cause and prejudice premised on actual innocence, the petitioner never argued that. As a matter of fact, the petitioner noted in his reply brief he admitted that he had never argued those things. Therefore, you have a clear default under the Moppin Test. What's a person supposed to do if he claims he, well, if the record shows he entered a plea of guilty, but now he claims he had ineffective assistance of counsel? How does he raise that if there's a procedural default? Well, Judge Seiler, he could have raised that on direct review. And here it's abundantly clear that he had that opportunity because he challenged the constitutionality of the major drug offender specification. At that time, he was clearly aware that that would be something that he could raise. He also raised ineffective assistance claims in a Rule 26B application for reopening where he claimed that appellate counsel was ineffective. And when he raised those claims, he still didn't raise a claim that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness regarding the valetarianist plea. So he had two cracks at the apple, and he still failed to raise trial counsel's ineffectiveness. So he did take Rule 26? Yes, Your Honor. Yes, Your Honor. And in that Rule 26B, he said appellate counsel was ineffective for failing to raise an illegal sentence, that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness regarding the constitutionality of the major drug offender specification, and he claimed that the major drug offender specification was plain error. But he never made any claim at all based on the voluntariness of his plea. Alternatively, even in this case, if it wasn't clearly barred under Moffitt, res judicata would apply. Now, the trial court did note that when he initially raised his plea withdrawal motion, and that decision was vacated. However, in the amended petition to the district court, the respondent appellee did raise res judicata because res judicata bars litigation of any claim that could have been raised on direct appeal. And as I was just saying, this claim could have been raised not once, but twice. The fact that the second district didn't apply res judicata, and I believe the one case that's cited by petitioner doesn't mean that it's not, that doesn't mean that res judicata isn't applicable. They simply found different grounds. As a matter of fact, none of the cases that the petitioner cites in his brief are special prosecutor circumstances or circumstances where special prosecutors was raised dealing with a plea withdrawal motion. In Minker, special prosecutors wasn't asserted. In Wright, that was decided on res judicata grounds. It wasn't a plea from a, excuse me, it was an appeal from a plea withdrawal motion. In Collins, there was a remand for resentencing. In Meadows, that was another res judicata case applying to a post-conviction motion. So there really is no case asserted by the petitioner where special prosecutors was raised and was not applied. And in Mr. Hardwick's argument, when he was arguing State v. Davis in front of the Ohio Supreme Court, one of the things that he said when Justice O'Donnell asked him what a rewrite of special prosecutors would look like, in the instance where they were dealing with a motion for a new trial, Mr. Hardwick said that when the trial court is ruling on the same issue based on the same evidence that's before it, that is where special prosecutors applies. Now, if you have new evidence or you raise a different issue, that's when the trial court may have first crack at it. And he acknowledged even in that case that the State can still raise res judicata if they think that the claim could have been raised earlier. And we maintain that, once again, these claims could have been raised earlier. Your opponent says this Bush case from the Supreme Court shows that it's not regularly enforced. I believe that the Second District does not always apply res judicata to plea withdrawal motions. That's true with regard to res judicata. It's not true with regard to special prosecutors, first of all. And as the petitioner acknowledged, that is the only district that does it. But they do it under a rule, a criminal rule 11C2 analysis, I believe, which is somewhat similar to a res judicata bar. It's really a difference of semantics. But that would still not mean that the rule isn't regularly applied and firmly established, simply because it's not uniformly applied by every single district in every single case. That's kind of that anomaly of Ohio law, where these courts of appeals are independent of each other. And, you know, what one does is not precedential for the other. That kind of creates some oddities when you are functioning in a world where you're trying to analyze regularly applied. Isn't that right? Yes, Your Honor, I would concede that that's the case. However, once again, based on the way that they did the analysis, if you look at the second district, for instance, in Minker, it's a distinction without a difference. And I would say that, once again, just because something isn't uniformly applied doesn't mean that it's not regularly applied. And I think that perhaps the difference in terms can at times make things unclear. However, it's the same analysis. And I think that that's the important thing here. And, once again, that has to do with the res judicata bar that is a secondary issue to the fact that this is a very, very straightforward mopping claim where the petitioner is procedurally barred. He went through all of his appeals and then went back to the trial court to withdraw the guilty plea, when he clearly could have addressed these issues earlier. Thank you. If there are no more questions, the appellee respectfully requests an affirmation of the decision below. Okay, thank you. Any rebuttal? First of all, the question in this case is not whether the state court could have applied a different procedural bar. It's whether the bar that it actually applied is regularly applied and firmly established. It did not apply a res judicata bar, period, full stop. Therefore, res judicata is not an issue in this case. It is irrelevant whether res judicata would apply. Secondly, my client did ask for a hearing on his motion to withdraw. And in federal courts, it would be absurd to raise ineffective assistance of counsel on an initial direct appeal, because the record is almost never going to be complete. You are not going to know what strategy decisions were made. You need to have a hearing. You need to have evidence outside the record. He asked for a hearing. He didn't get it. And he cannot raise claims based on evidence outside the record on direct appeal. He just can't do it. This court, it's not fair to say you need to raise ineffective assistance of trial counsel claims on direct appeal based on the bare record that is there. Could he take one of these 26D post-conviction cases up? Well, even 26B doesn't allow you to bring new evidence in. You can't bring new evidence of what happened in the trial court in. You can only discuss what appellate counsel could have done differently, given the record that appellate counsel had. Well, there are other avenues available, whether a petitioner would be successful in them or not. I mean, you can raise ineffective assistance of counsel in a post-conviction proceeding in Ohio, can't you? Yes, but there's also no reason why you could also raise it in a 32.1 motion. And the procedural bar applied in this case is simply not regularly applied. And he says, well, other cases didn't mention special prosecutors. Well, this is a subject matter jurisdiction. This isn't discretionary. If they didn't have power to rule, they wouldn't rule, because that's what the special prosecutor says. It is not just a discretionary bar where you could have raised it on direct appeal. It's not. Second, it can't be within the compass of the judgment if he couldn't have raised it. And in this case, his initial direct appeal, he just did a direct challenge to his conviction. And they said it was waived because he had a knowing, intelligent, voluntary plea and a very cursory opinion. To say the court of appeals looked at that carefully and decided whether his attorney gave him good advice or not, that was never litigated. He never presented an argument about my attorney was ineffective. In that case, he didn't present the argument that my plea was knowing, intelligent, voluntary. It's like saying that a court of appeals that says that generally counsel was effective has ruled on every potential ineffective assistance of appellate counsel claim. And finally, under Gray v. Netherlands, on pages 165 to 6, procedural default is an affirmative defense. My opposing counsel said that I didn't prove that this wasn't regularly applied. Though it's his burden to prove it is regularly applied. This is an affirmative defense. It's his burden. He didn't show it. And I ask this court to reverse and send it back for a merits ruling. Thanks. All right. Thank you. Case is submitted.